In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1882

Dragan Petrovic,

Petitioner,

v.

Immigration and Naturalization Service,

Respondent.


Petition for Review of an Order
of the Board of Immigration Appeals
No. A72-215-884


Argued November 12, 1999--Decided January 10, 2000


  Before Flaum, Ripple, and Rovner, Circuit Judges.

  Flaum, Circuit Judge. On September 18, 1992, the
Immigration and Naturalization Service (INS)
charged Dragan Petrovic with exclusion under the
Immigration and Nationality Act. The Immigration
Court found Petrovic excludable and ineligible
for asylum or withholding of deportation.
Petrovic appealed to the Board of Immigration
Appeals (BIA), which affirmed the Immigration
Court's decision. Petrovic now petitions this
Court for review. For the reasons stated below,
we affirm the BIA's decision.

Background

  Petrovic, an ethnic Serbian raised in Croatia
(then a province of Yugoslavia), arrived in the
United States in September 1992. Upon arrival, he
announced his intention to seek political asylum.
The INS District Director commenced exclusion
proceedings to determine whether Petrovic was
authorized to enter the country under the
Immigration and Nationality Act, and the INS
allowed him to enter the country temporarily
while his asylum application was pending.

  In support of his asylum application, Petrovic
testified as follows. He was born in 1971 in the
town of Otisic, Croatia, formerly part of

Yugoslavia. He is an ethnic Serbian of Eastern Orthodox faith. In 1980, Petrovic moved with his family to Solin, where at the time Croatians made up eighty percent of the population and Serbians made up fifteen percent. Petrovic lived in Solin for ten years, until 1990, when he began serving a year-long commitment as a member of the Yugoslav army in Macedonia.

In June 1991, Croatia declared its independence from Yugoslavia. Petrovic alleges that his father and sister, who remained in Solin, became targets of religious and ethnic persecution, including harassment at work by Croatians. Both his father and his sister were ultimately fired from their postal jobs. He further alleges that his father was beaten on a public bus because of his ethnicity and religion and that the police refused to investigate or pursue the incident. In September 1991, Petrovic left the Yugoslav army and returned to Otisic, where his family was residing after moving back from Solin. Soon thereafter, Petrovic joined the Serbian civil defense forces fighting against the Croatian army. Early the following year, the United Nations approved a peace plan, which resulted in the disarming of the Serbian civil defense forces. Petrovic testified that Serbians in the region were increasingly becoming targets of ethnic violence and discrimination, so he fled to the United States. He testified that he could be imprisoned or killed if he returned to Croatia.

Though finding his testimony credible, the Immigration Court, on July 15, 1993, found Petrovic excludable under the Immigration and Nationality Act. The Immigration Court also denied him asylum and withholding of deportation, and it ordered him excluded and deported from the United States. On appeal to the BIA, Petrovic renewed his asylum claim. The BIA dismissed the appeal, finding that Petrovic had failed to demonstrate past persecution or a well-founded fear of persecution as required under applicable immigration law. Petrovic now petitions this Court for review of the BIA's decision, challenging whether its decision was adequately supported by the evidence before it.

Discussion

Congress has a adopted a policy of limited asylum eligibility. Sivaainkaran v. INS, 972 F.2d 161, 165 (7th Cir. 1992). Under Section 208 of the Immigration and Nationality Act, 8 U.S.C. sec. 1158, the Attorney General is authorized to grant asylum to "refugees." Refugee status may only be granted to a person unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a

particular social group, or political opinion."
8 U.S.C. sec. 1101(a)(42)(A). To establish the requisite fear of persecution, an applicant must present specific facts demonstrating that he has actually been the victim or persecution or has good reason to believe that he will be singled out for persecution. See Sivaainkaran, 972 F.2d at 163.

"The apparatus [Congress] has created for implementing [asylum] policy rests primarily with immigration judges and the BIA . . ., and our role is limited to providing deferential review of BIA decisions." Sivaainkaran 972 F.2d at 165. Asylum eligibility "is a factual determination, which we review under the substantial evidence test." Id., at 163. Under this deferential standard, we will reverse the BIA only if the evidence is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

In challenging the BIA's decision denying him asylum, Petrovic first argues that the BIA failed to consider certain evidence--including documentary evidence from the U.S. State Department of organized ethnic terror in Croatia directed at Serbians--when it ruled that he had no well-founded fear of persecution. Petrovic also argues that the BIA gave inadequate consideration to the experiences of his father and sister, which bolster his claim that, as a Serbian, he would be subjected to persecution if returned to Croatia. Based on these alleged defects, he contends that the BIA's conclusion that he is ineligible for asylum is not supported by substantial evidence.

The BIA found inadequate Petrovic's showing that he had a well-founded fear of persecution based on his Serbian ethnicity, religion, or any other protected ground of the Immigration and Nationality Act. While Petrovic asserted that he fears conditions of violence in Croatia, the BIA concluded that he had not provided sufficient evidence that he would be singled out for persecution. It considered Petrovic's evidence concerning the general conditions in Croatia as well as the specific evidence pertaining to his status as a former member of the military and the alleged acts of persecution against his family members. However, it concluded that this evidence of general conditions in Croatia and the circumstantial proof of discrimination based on his family's troubles were insufficient to establish the type of particularized past persecution or well-founded fear of persecution that the law has been interpreted to require.

It is well settled that general, oppressive conditions that affect the entire population of a country do not provide a basis for asylum. See Bradvica v. INS, 128 F.3d 1009, 1013 (7th Cir. 1997); Chavez v. INS, 723 F.2d 1431, 1434 (9th Cir. 1984); Sanchez v. INS, 707 F.2d 1523, 1527 (D.C. Cir. 1983). In similar contexts, this principle has been interpreted to mean that fear of general conditions of ethnic persecution common to all members of an ethnic minority does not constitute the well-founded fear required by statute. Cf. Bevc v. INS, 47 F.3d 907 (7th Cir. 1995) (affirming in part the BIA's denial of asylum and holding that Serbia's campaign of ethnic cleansing against non-Serbians did not demonstrate that petitioner, a non-Serbian, would be singled out for persecution); Zulbeari v. INS, 963 F.2d 999 (7th Cir. 1992) (affirming the BIA's denial of asylum of an ethnic Albanian citizen of Yugoslavia despite evidence of ethnic discrimination coupled with police interrogation of the petitioner and his family); Balazoski v. INS, 932 F.2d 638 (7th Cir. 1991) (affirming the BIA's denial of asylum of an ethnic Albanian citizen of Yugoslavia despite his native government's interrogation, detention, and search of his family). The evidence that Petrovic points to evinces a fear of conditions faced by all ethnic Serbians in Croatia. As to the particularized showing necessary under the law, however, it is not so persuasive that any reasonable factfinder would be compelled to find the requisite fear of persecution. Elias-Zacarias, 502 U.S. 478, 481 (1992). Therefore, we cannot reverse the BIA's determination on these grounds.

Petrovic next argues that the BIA improperly considered evidence of improved conditions in Croatia when it issued its decision in 1999, six years after the original hearing in the case. Petrovic acknowledges that the Board is empowered to consider uncontroverted evidence of changed conditions in a country, but he alleges that the Board misinterpreted the evidence in this case. Specifically, he argues that the BIA read reports, including those produced by the U.S. State Department, to suggest that conditions in Croatia were normalizing but missed crucial episodes in recent history that bolster his asylum claim, such as the 1995 Croatian military offensive that displaced large ethnic Serbian populations. We find this argument unpersuasive.

The BIA may take administrative notice of changed country conditions provided that it engages in an individualized review of the applicant's case. Rhoa-Zamora v. INS, 971 F.2d 26, 33-34 (7th Cir. 1992); Kaczmarczyk v. INS, 933 F.2d 588, 594-95 (7th Cir. 1991). Although Petrovic may disagree with the particular changed

circumstances that the BIA chose to focus on, the BIA's opinion clearly indicates that it gave such an individualized review. The BIA is not required to independently specify its reasons for rejecting every piece of evidence that it is offered. See Villanueva-Franco v. INS, 802 F.2d 327, 330 (9th Cir. 1986). Moreover, the evidence that Petrovic points to as overlooked by the BIA at best goes to the issue of general conditions in Croatia. It does not support, with specific facts, the claim that he has been or will be singled out for persecution. Because the BIA conducted an individualized review of Petrovic's case, and because our own review of the BIA's evidentiary findings is highly deferential, we find no reason to reverse its decision here.

Conclusion

   For these reasons, we AFFIRM the decision of the BIA.

AFFIRMED


 ROVNER, Circuit Judge, dissenting.  We owe the Board considerable deference, but when the Board has misapprehended or mischaracterized material evidence, then it is our responsibility to set the record straight and return the case to the Board for further consideration. See, e.g., Kuhai v. I.N.S., No. 99-1488, 1999 WL 1128795, at *5 (7th Cir. Dec. 9); see generally Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 490, 71 S. Ct. 456, 466 (1951).

   Petrovic sought to demonstrate a well-founded fear of persecution in part by showing that his father and sister have been subject to ethnically- and religiously-motivated abuse. Evidence that one's family members have been mistreated is widely accepted as proof that the petitioner himself would likely face persecution in the event he is returned to his home country. See, e.g., Ananeh-Firempong v. I.N.S., 766 F.2d 621, 627 (1st Cir. 1985) (Breyer, J.) (collecting cases). Petrovic testified that his father and sister both had been harassed by their Croatian co-workers in the course of their employment with the postal service and that they ultimately were discharged--in part because of their religion and in part because they are Serbian. R. 75; see also R. 125. He also recounted an incident in which his father was beaten by a group of Croatian boys while riding a public bus. According to Petrovic, the boys singled his father out "[o]nly because he was Serbian, [and] because of his religion."

R. 76; see also R. 125. When his father reported the incident to the police, they laughed him off and refused to file a report--again, "[o]nly because he was not Croatian." R. 77; see also R. 125. The Board dismissed this evidence with a single sentence: "The firings of the father and sister from their postal worker jobs may be attributable to an employment-related dispute, and the beating of the father may be attributable to random violence or criminal activity by juveniles." R. 4 (emphasis mine). Not one iota of evidence in the record supports the Board's reasoning. On the contrary, Petrovic testified unequivocally and without contradiction that his father and sister were fired because of their religion and nationality, and that his father was attacked (and the authorities refused to investigate) for the same reasons. His testimony in this respect was not challenged on cross-examination. Moreover, the Immigration Judge found his testimony credible overall. R. 45. The Board's suggestion that there might be other explanations for the treatment of Petrovic's father and sister other than the reasons he cited thus amounts to nothing more than unfounded speculation. Cf. Sayaxing v. I.N.S., 179 F.3d 515, 522 (7th Cir. 1999).

   Petrovic's account of what happened to his family members did not necessarily compel the Board to find him eligible for asylum or withholding of deportation. However, we cannot be confident that the Board has appropriately exercised its discretion when it has, without justification, dismissed evidence that has a significant bearing on the likelihood that the petitioner will face persecution if returned to his homeland. Because this aspect of the Board's analysis lacks the support of substantial evidence, I would remand the case to the Board for a fresh look at the record. See Kuhai, 1999 WL 1128795, at *5.