In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3184

Radisav Vujisic,

Petitioner,

v.

Immigration and Naturalization Service,

Respondent.


Petition for Review of an Order of
the Board of Immigration Appeals.
No. A29 685 361


Argued April 5, 2000--Decided August 7, 2000


Before Manion, Kanne and Evans, Circuit Judges.

Kanne, Circuit Judge.  Petitioner Radisav Vujisic fled his native Yugoslavia in 1991 rather than re-enter the army and fight what he considered to be an unjust civil war against his fellow countrymen. After arriving in the United States via Canada, he applied for asylum and withholding of deportation. An immigration judge rejected the application, and the Board of Immigration Appeals affirmed. Vujisic believes the Board erred as a matter of law in holding that punishment for desertion from military duty can never constitute persecution on account of political opinion. Further, Vujisic contends the Board wrongly took judicial notice of changed country conditions in deciding whether he had a legitimate fear of punishment upon return to his homeland. We reverse the Board's decision.

I.  History

Vujisic was born in North Gorica, Slovenia, the son of a career Yugoslav military officer. An ethnic Serb, Vujisic lived in Slovenia until he was four years old and moved with his family to a military base in Serbia. At 18, he entered the Yugoslav army for one year of compulsory military service, which he served in Slovenia. At the end of the year, the army discharged him, and he returned home. About five months later, in May 1991, military and police officers took Vujisic

in the middle of the night to an army base in Serbia for "military exercises." He was locked in a room with other young men, given army uniforms and blankets and moved to another building, where they were held for several days. During this time, Serbia was invading Slovenia, and the Slovenians were offering armed resistance. Vujisic's military hosts told Vujisic and the other men that the Slovenians were mistreating Yugoslav soldiers, and Vujisic became convinced that he and the others would be sent to fight in Slovenia.

While at the military base, an officer discovered that Vujisic had been born in Slovenia and accused him of being a spy. The other men beat him until another officer stopped them, and he was interrogated about his family and ties to Slovenia. The army released Vujisic and the other men on June 4, 1991, and sent him home. A week later, army officers came to Vujisic's home with reactivation orders, forced their way into the home and knocked his mother to the ground. Vujisic was not home at the time and later managed to flee to a small nearby village. He left the village and moved in with his girlfriend in a larger city, where he thought it would be easier to hide. Eventually, police tracked Vujisic to his girlfriend's residence, but Vujisic escaped over a balcony and began moving from place to place every few days. Vujisic's father was arrested, questioned regarding his son and dishonorably discharged without pension benefits.

Vujisic decided he needed to leave the country and obtained a Canadian visa, ostensibly to play soccer. Somehow unnoticed by Serbian military and police, he left from the Belgrade airport days before it was closed by the government. He lived and played soccer in Canada for several months until his girlfriend joined him there, and they decided to try to enter the United States, where he had family. He entered the United States on August 1, 1992, falsely claiming American citizenship. He pleaded guilty to unlawful entry and applied for asylum as a political refugee under sec. 208 of the Immigration and Nationality Act, or in the alternative, withholding of deportation under sec. 243(h). In his affidavit, Vujisic stated his opposition to the war:

I have many Croatian, Muslim and Slovenian friends, and I do not believe in the ethnic cleansing being perpetrated against them in the former Republics of Yugoslavia. My complete inability to assist the Republic of Yugoslavia in this process as a soldier or otherwise will subject me to persecution and possible death if I wish to return to Yugoslavia . . . The Federal

Republic of Yugoslavia has committed many violations of human rights during the current war and has been sanctioned by the United [N]ations and I know that my human rights will be violated and I will face persecution if I am returned.

I could not fight and would not fight against these Republics. I could not fight against friends and family who desired nothing but independence and freedom to perpetuate the traditions of their heritage under a democratic form of government, free from the dogma of communism.

The immigration judge denied his application under sec.sec. 208 and 243(h), and on July 29, 1999, the Board affirmed the denial. The Board held that Vujisic failed to prove that he would be subjected to persecution on account of his political beliefs if he were returned to Yugoslavia. It held that "[p]unishment for desertion from a military organization has been found not to constitute persecution on account of political opinion or any of the other enumerated grounds." Matter of Vujisic, No. A29 685 361, *2 (Bd. Immigr. App. July 29, 1999). In so holding, the Board found that:

[T]here is little indication that the authorities would continue to be concerned about the applicant's political opinion or that they would be inclined to harm him at present on account of his opinion, 7 years after the events in question and after the substantial changes . . . in the former Yugoslavia during the 1990's.

Id. Since the Board believed Vujisic would not suffer persecution disproportionate to the punishment for desertion upon return to his homeland, it affirmed the immigration judge's decision. This appeal followed.

II. Analysis

Under sec. 208 of the Immigration and Nationality Act, 8 U.S.C. sec. 1158, the Attorney General may grant asylum to refugees, who are defined as people unable or unwilling to return to their home nation "because of a persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. sec. 1101(a)(42)(A); see INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The applicant carries the burden of establishing by presenting specific facts that he has been the victim of persecution or has good reason to believe that he will be singled out for persecution. See Sivaainkaran v. INS, 972 F.2d 161, 163 (7th Cir. 1992). We review the Attorney General's decision,

represented here by the Board's disposition of this case, deferentially under the "substantial evidence test." Id. at 163. We will reverse the Board's decision only if the evidence is "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84.

Vujisic presented evidence of both past persecution and a fear of future persecution based on his perceived Slovenian background. The immigration judge and the Board ignored substantial evidence that Vujisic feared persecution not as a deserter, but because of his Slovenian roots and his refusal to fight the Slovenians. The Board correctly assessed that "[r]efusal to perform military service in one's native country is not ordinarily a valid basis for establishing asylum eligibility," Matter of Vujisic, No. A29 685 361, at *2, but this is not the ordinary case. Here, Vujisic was singled out by the Yugoslav military because of his cultural background, interrogated and beaten, and he believed he would be sent to kill Slovenians, who he thought had a right to be an independent republic. The Board failed to consider that in some cases, refusal to enter the army may render one a refugee if for instance, the reason for refusal is a "genuine political, religious or moral conviction or to valid reasons of conscience." Handbook on Procedures and Criteria for Determining Refugee Status, United Nations High Commissioner for Refugees para. 170 (Geneva 1979). Furthermore, the Handbook states that if the "military action with which an individual does not want to be associated, is condemned by the international community as contrary to basic rules of human conduct, punishment for desertion or draft evasion could . . . in itself be regarded as persecution." Id. at para. 171. This is clearly the case here. The international community, including the United States, severely condemned the Serbian military actions in the Balkan republics and the strategy of genocide that went with it. Vujisic refused to participate, and contrary to the government counsel's insistence at oral argument, Vujisic's desertion from and persecution by a military force condemned by the international community can rightly be considered to be caused by his opposition to the political and nationalistic policies of the Yugoslav government.

Furthermore, because of his refusal, his family and in particular his father was subjected to arrest and punishment, making Radisav's fear of future persecution well founded. Cf. Naafi v. INS, 104 F.3d 943, 947 (7th Cir. 1997) (holding that asylum seeker failed to establish well founded fear of persecution based on oppression

of asylum seeker's family unrelated to asylum seeker's actions); Mgoian v. INS, 184 F.3d 1029, 1036-37 (9th Cir. 1998); Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir. 1991). This persecution of his family, wholly ignored by the Board, confirmed Vujisic's fear that he would suffer more than the average deserter because of his Slovenian connection. The Board found that Vujisic "was not physically harmed in the former Yugoslavia" although he presented specific facts indicating he had been beaten and interrogated while in military captivity because of his feelings toward and connection to Slovenia. It appears from the Board's order that it ignored that evidence. Vujisic's case was more egregious and more specific than the claims of "general, oppressive conditions that affect the entire population of a country" that we have found insufficient in other cases. See, e.g., Petrovic v. INS, 198 F.3d 1034, 1037 (7th Cir. 2000). The Serbian officials singled out Vujisic for persecution above that of other draftees, deserters and Slovenian sympathizers because of his Slovenian background and the perception that he would spy for Slovenia. Combined, we find the evidence presented by Vujisic more than compelling enough to convince any reasonable fact finder that he faced a well founded fear of persecution on account of his political beliefs in opposition to the war against Slovenia. The Board's action in treating Vujisic's case as one of ordinary desertion misinterpreted prior case law on asylum applications by deserters and must be reversed.

Vujisic next argues that the Board erred in considering changed conditions in Yugoslavia between 1991 and 1999. The Board may take administrative notice of changed country conditions if it engages in an individualized review of the applicant's case. See Petrovic, 198 F.3d at 1038; Rhoa-Zamora v. INS, 971 F.2d 26, 33-34 (7th Cir. 1992). The Board's order sets out in minimal fashion that "there is little indication that the authorities would continue to be concerned about the applicant's political opinion or that they would be inclined to harm him at present on account of his opinion, 7 years after the events in question and after the substantial changes and many events in the former Yugoslavia during the 1990's." There appears to be no justification for this finding, which flatly ignores the continued international condemnation of Yugoslavia's campaigns in Kosovo and Bosnia since 1991, four months of NATO bombing of Serbia in 1999 and the indictment for war crimes of Yugoslav President Slobodan Milosevic. Nothing in the record supports the Board's finding or explains its disregard of all the evidence that directly contradicts its

decision and strongly suggests that those who deserted because of sympathies for Slovenia would be punished upon their repatriation. Therefore, the Board erred in holding that the changed country circumstances negated Vujisic's well founded fear of persecution.

III.  Conclusion

We find the evidence supporting Vujisic's fear of persecution so compelling that no reasonable fact finder could agree with the Board's decision, and therefore we reverse the Board's order. The case is Remanded to the Board of Immigration Appeals for further proceedings consistent with this opinion.