**Dzeljalj KAJOSEVIC, Petitioner,**

v.

Alberto R. GONZALES,* Respondents.

No. 04–4559–AG NAC.

United States Court of Appeals,
Second Circuit.

April 3, 2006.

Aleksander Milch, Christophe & Associates, P.C., New York, New York, for Petitioner.

Matthew H. Mead, United States Attorney for the District of Wyoming (David A. Kubichek, Assistant United States Attorney), Casper, Wyoming, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Dezljalj Kajosevic, through counsel, petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales Is Automatically Substituted for Former Attorney General John Ashcroft as Respondent in this Case.

adopted or affirmed the IJ decision without opinion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's findings of fact, including adverse credibility findings, under the substantial evidence standard. Accordingly, we will vacate findings that are based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). On the other hand we will not reverse a finding unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. *See* 8 U.S.C. § 1252(b)(4)(B).

It is well established that, generally, compulsory military service, alone, is not sufficient to demonstrate eligibility for asylum. *Islami v. Gonzales*, 412 F.3d 391 (2d Cir.2005). However, in *Islami* this Court acknowledged and adopted two "broad exceptions" to the rule: (1) where an individual's refusal to serve in the military leads to disproportionately excessive penalties, inflicted on him because of his race, religion, nationality, membership in a particular social group, or political opinion; and (2) where an individual is fleeing to avoid punishment to join a " 'military force condemned by the international community.' " *Id.* at 396 (quoting *Vujisic v. INS*, 224 F.3d 578, 581 (7th Cir.2000)). Further, this Court held that "for those individuals who seek to avoid serving in a military whose brutal and unlawful campaigns are directed at members of their own race, religion, nationality, or social or political group, the requirements for stating a persecution claim are met at a significantly lower threshold of military wrongdoing than would be required if the objections are simply a matter of conscience." *Id.* at 397. Where the record supports a claim based on one of these two exceptions, the IJ's failure to consider the claim constitutes error. *See id.*

■ In this case, the IJ erred in failing to consider whether: (1) Kajosevic would be subjected to harsher penalties for failing to comply with the conscription laws on the basis of one of the enumerated grounds; or (2) Kajosevic's compulsory service in the Yugoslavian army would have required him to participate in a military campaign that was both internationally condemned and directed against his fellow ethnic Albanian Muslims. Under *Islami*, Kajosevic's testimony that, as an ethnic Albanian Muslim, if forced to join the Yugoslavian army, he would be sent to Kosovo to "kill [his] own brothers," was sufficient to establish past persecution for the purposes of asylum. *See Islami*, 412 F.3d at 397.

■ However, the IJ reasonably concluded that, in this case, the Government rebutted the presumption of future persecution by demonstrating that changed conditions in Serbia–Montenegro rendered Kajosevic's fear of future persecution objectively unreasonable. As the IJ pointed out, in the time since Kajosevic fled Montenegro to avoid compulsory military service, Serbia–Montenegro underwent democratic reforms and the government offered amnesty to those individuals who fled the country to avoid conscription into the military. Further, as the country report submitted by the Government demonstrates, Yugoslavian military forces were required to withdraw from Kosovo in June 1999, obviating Kajosevic's fear of being forced to kill ethnic Albanian Muslims living there. Accordingly, the IJ's decision to deny Kajosevic's claims for asylum and withholding of removal were supported by substantial evidence in the record.

Further, the IJ did not err in failing to consider Kajosevic's CAT claim independently from the asylum and withholding

148

claims. In *Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004), this Court determined that, because the CAT inquiry is "independent of the asylum analysis," an IJ errs when he fails to consider a petitioner's claim under the CAT independently of the petitioner's asylum and withholding claims. However, in *Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005), this Court clarified that, where all of the petitioner's claims—asylum, withholding, and CAT—are based on the same factual predicate, the IJ does not err in relying on a common set of factual findings to deny all of the claims. In this case, Kajosevic's CAT claim was predicated upon the same factual basis as his asylum and withholding claims, and the IJ properly relied on the same factual findings to deny all three claims.

We have considered all of the petitioners' claims and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).