**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 10, 2008
Decided October 3, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 07-3276

| | |
|---|---|
| MUJESIRA M. JADADIC,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A73 213 597 |
| MICHAEL B. MUKASEY, Attorney<br>General of the United States,<br>    *Respondent*. | |

**O R D E R**

Mujesira Jadadic, a native of what was formerly Yugoslavia and now a citizen of Serbia and Montenegro, was charged with removability for remaining in the United States without authorization as a non-immigrant visitor. *See* 8 U.S.C. § 1227(a)(1)(B). Jadadic conceded removability, and an Immigration Judge (IJ) denied her application for withholding of removal. The Board of Immigration Appeals (BIA) affirmed the IJ's decision, and Jadadic now petitions for review. Because there is substantial evidence supporting the IJ's decision, we deny Jadadic's petition.

Jadadic entered the United States in August 2000 as a non-immigrant visitor with authorization to remain until December. But in May 2003 the Department of Homeland Security served her with a Notice to Appear, charging removability because she lacked legal status. Jadadic admitted removability but applied for withholding of removal. In her application and at her hearing, Jadadic recounted the following events, which the IJ deemed credible and so, on this record, are undisputed.

Jadadic testified that her brother deserted the Yugoslavian army in June 1991 because he did not want to participate in "killing innocent civilians," most of whom were Muslim. And as Muslims, she said, her family could not freely practice their religion in their hometown of Plav, Montenegro. Shortly after her brother returned home in 1994, four Serbian soldiers dragged him out of bed in the middle of the night and began beating him for refusing to rejoin the army. When Jadadic tried to protect her brother, the soldiers hit her on the head, arms, and legs, causing her to bleed and leaving several scars. Jadadic testified, though, that she did not go to a hospital for treatment until one or two weeks after the beating.

In December 1994 Jadadic left Montenegro for Germany, where she eventually married a German and obtained temporary residency status. Jadadic separated from her husband in 1999 and entered the United States a year later on a visitor's visa. In August 2000 she returned to Montenegro for a few weeks because her brother had been shot by a Serbian soldier. Jadadic testified that her brother's name remained on a "deserter's list" and that she feared returning to Montenegro because of her brother's situation and on account of her religion. Yet Jadadic admitted she was unaware that the Federal Republic of Yugoslavia had granted amnesty to all draft evaders in February 2001. And she stated that her mother, two brothers, and three sisters continue to reside in Montenegro.

After the hearing the IJ found Jadadic removable for violating the terms of her visa. The IJ deemed Jadadic's testimony credible, yet concluded that the harm she suffered did not rise to the level of past persecution. Even assuming that the incident constituted past persecution, the IJ found "no connection between her religious beliefs and the mistreatment she experienced in November, 1994." Finally, the IJ held that because there had been a "substantial change" in conditions in Montenegro, Jadadic was not at risk of future persecution if returned. The BIA affirmed the IJ's decision.

In her petition for review, Jadadic argues that she is entitled to withholding of removal for persecution based both on her religion and her brother's political opinion. Where, as here, the BIA's opinion affirms and adds "very little" to the IJ's decision, we review the IJ's decision as supplemented by the BIA's "terse opinion." *Hamdan v. Mukasey*, 528 F.3d 986, 991 (7th Cir. 2008). We review the decision denying withholding of removal

for substantial evidence and will not grant the petition unless Jadadic can demonstrate that the evidence compels a contrary conclusion. *See Ogayonne v. Mukasey*, 530 F.3d 514, 518-19 (7th Cir. 2008).

To establish her eligibility for withholding of removal, Jadadic must show a clear probability of persecution on account of a protected ground. *See* 8 U.S.C. § 1231(b)(3)(A); *Irasoc v. Mukasey*, 522 F.3d 727, 729-30 (7th Cir. 2008); *Tariq v. Keisler*, 505 F.3d 650, 656 (7th Cir. 2007). To do so, Jadadic must prove either that she suffered past persecution, which creates a presumption of future persecution, or that it is more likely than not that she would face future persecution in Montenegro. *See Guardia v. Mukasey*, 526 F.3d 968, 971 (7th Cir. 2008); *Irasoc*, 522 F.3d at 730.

Jadadic's argument concerning her brother's political opinion was not presented to the BIA and therefore was not preserved. *See, e.g.*, *Korsunskiy v. Gonzales*, 461 F.3d 847, 849 (7th Cir. 2006); *Tarraf v. Gonzales*, 495 F.3d 525, 535-36 (7th Cir. 2007). And even assuming that the beating she suffered rises to the level of past persecution, there was no connection between the persecution and her religion. Jadadic stated, both in her application and at the hearing, that her brother's beating was because he deserted the military rather than on account of his Muslim religion. And she suffered physical harm during the altercation only because she intervened to protect her brother from the soldiers. Nothing in the record suggests that the soldiers knew Jadadic's identity, let alone her religion. Because there is no link between the beating and any of the protected grounds listed in 8 U.S.C. § 1231(b)(3)(A), Jadadic cannot establish past persecution. *See Djouma v. Gonzales*, 429 F.3d 685, 688 (7th Cir. 2005).

Nor can she establish that it is more likely than not that she faces future persecution in Montenegro. We have held many times that "fear of general conditions of ethnic persecution common to all members of an ethnic minority does not constitute the well-founded fear required by statute." *Petrovic v. INS*, 198 F.3d 1034, 1037 (7th Cir. 2000). The evidence Jadadic pointed to in both her asylum application and at her hearing does not establish that she would *individually* be subject to religious persecution. *See Pelinkovic v. Ashcroft*, 366 F.3d 532, 540 (7th Cir. 2004). Moreover, the Federal Republic of Yugoslavia (now dissolved) granted amnesty to all military deserters in 2001, and Jadadic's family continues to reside in Montenegro. *See generally id.* at 540-41 ("The country conditions in Serbia and Montenegro, which, after a decade of strife, have finally changed for the better, are yet another reason to uphold the BIA's decision."). The IJ's finding that Jadadic does not have a well-founded fear of future persecution is supported by substantial evidence.

Accordingly, we DENY Jadadic's petition for review.