In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-1807

EMIR LENJINAC,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney
General of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
No. A079-920-994

ARGUED JANUARY 8, 2015 — DECIDED MARCH 17, 2015

Before BAUER, MANION, and ROVNER, *Circuit Judges.*

BAUER, *Circuit Judge.* Emir Lenjinac was born in Bosnia-Herzegovina in 1987 and is a Bosnian Muslim. During his childhood from 1992 to 1995, Bosnia-Herzegovina was entrenched in a civil war involving various political and ethnic factions within the territory of former Yugoslavia. The war was characterized by ethnic cleansing and Bosnian Muslims were particularly threatened by the violence. Lenjinac's family fell

victim to these atrocities during the Srebrenica massacre of 1995; their home was burned to the ground and Serbian forces captured several male family members who have not been seen since.

In 2002, Lenjinac emigrated from Bosnia-Herzegovina to the United States and he became a permanent resident in 2005. He has not returned to his birth country since emigrating. After years of lawful residency, however, in November 2010, Lenjinac was charged with and pleaded guilty to dealing in cocaine in Indiana state court.

Following his conviction, the United States initiated removal proceedings against Lenjinac, charging him with removability as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii). Lenjinac conceded his removability, but filed an application for asylum, withholding of removal, and Convention Against Torture ("CAT") protection with the Immigration Court.

Lenjinac's immigration proceedings began in June 2013. During the proceedings, his mother and brother both testified in support of his application for CAT deferral, describing fears that members of the military might kill Lenjinac because they previously killed other male family members during the civil war. Lenjinac also testified. He indicated that given his criminal history in the United States, he would likely be detained upon his return and tortured while in the Bosnian prison system. He also stated that he would have no safe place to live because he has no family or home to return to in Bosnia-Herzegovina.

In her decision, the IJ only considered the merits of Lenjinac's CAT deferral request because his aggravated felony conviction rendered him ineligible for asylum and withholding of removal. As to the CAT deferral request, the IJ found it was more likely than not that Lenjinac would be subjected to torture if removed and therefore granted his application. The IJ based her decision on Lenjinac's testimony, his family members' testimonies, and reports of torture and life-threatening conditions in Bosnian prisons. She also cited reports of violence against ethnic minorities, including Bosnian Muslims.

Following the IJ's decision, the United States appealed to the BIA. Although the BIA accepted the IJ's findings of fact as true, it ultimately vacated the IJ's grant of deferral of removal, holding that Lenjinac did not meet his burden of proof. The BIA concluded that without evidence that parties in Bosnia-Herzegovina retained an interest in harming Lenjinac or would torture him upon his return, or evidence that he would be imprisoned for the purpose of causing him pain and suffering, Lenjinac had failed to establish that it was more likely than not that he would be tortured upon his return to Bosnia-Herzegovina. Lenjinac now appeals the BIA's decision.

Lenjinac raises two issues on appeal. He first argues that the BIA applied the incorrect standard of proof to his petition for deferral of removal under the CAT, and that therefore the BIA's decision must be reversed and remanded. Next, he asserts that even if the BIA applied the correct standard, the BIA's decision to deny Lenjinac's deferral is not supported by substantial evidence.

As it relates to his first argument, Lenjinac contends that the BIA misstated his burden of proof by requiring him to prove "that authorities will imprison him in order to cause him pain and suffering." Brief of Petitioner at 9. Whether the BIA applied the proper standard of proof is a question of law subject to *de novo* review. *See* 8 U.S.C. § 1252(a)(2)(D); *see also Ward v. Holder*, 632 F.3d 395, 397 (7th Cir. 2011).

To qualify for deferral of removal under the CAT, an alien must establish that he would more likely than not be tortured if removed. 8 C.F.R. § 1208.16(c)(2). The act of torture must be specifically intended to inflict severe physical or mental pain or suffering. *Id*. at § 1208.18(a)(5). As it relates to torture in a foreign prison, the alien bears the burden of establishing his eligibility for CAT protection "by showing that he [is] likely to be targeted for mistreatment in prison" or that harsh prison conditions are "specifically intended to inflict pain and suffering on the prisoners." *Abdoulaye v. Holder*, 721 F.3d 485, 492 (7th Cir. 2013).

Lenjinac's argument that the BIA misstated his burden of proof reads the BIA's opinion too narrowly. It isolates a phrase from an otherwise complete explanation. A fulsome look at the opinion, however, reveals that the BIA applied the proper standard. The BIA stated that the applicant bears the burden of proof for establishing that it is more likely than not that he would be tortured if removed. The BIA further explained that abysmal prison conditions alone are insufficient to meet that burden, *Abdoulaye*, 721 F.3d at 492, and that Lenjinac could not meet his burden without some evidence that he would be targeted for torture or harm upon his return. *See Rashiah v. Ashcroft*, 388 F.3d 1126, 1133 (7th Cir. 2004).

Despite Lenjinac's argument to the contrary, the BIA also applied that burden and reached its result with the support of substantial evidence. Before we explain our conclusion, however, we must dispense with an argument presented by the government. The United States argues that we lack jurisdiction to consider whether the BIA's decision is supported by substantial evidence because the Immigration and Nationality Act ("INA") precludes review of final decisions made by the BIA for aggravated felons. In *Wanjiru v. Holder*, 705 F.3d 258 (7th Cir. 2013), however, we conclusively held that deferral of removal is not a final remedy and therefore the INA does not bar judicial review. Accordingly, we have jurisdiction and may proceed with our analysis.

 Under the substantial evidence standard, we are required to "assess whether the [BIA's] determination is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Abdoulaye*, 721 F.3d at 490 (citations omitted). We reverse only if the record evidence compels a contrary conclusion. *Id.; see also Pavlyk v. Gonzalez*, 469 F.3d 1082, 1091 (7th Cir. 2006). Because the BIA issued its own opinion independent of the IJ's ruling, we review the BIA's decision only. *Abdoulaye*, 721 F.3d at 490. Lenjinac bears the burden of showing that the BIA's decision was not supported by substantial evidence. *Wanjiru*, 705 F.3d at 265.

In its opinion, the BIA accepted the IJ's findings of fact as true, but nevertheless concluded that Lenjinac did not meet his burden of proof to show that it is more likely than not that, if removed, he would be subject to torture. Specifically, the BIA found that Lenjinac could not establish that anyone in Bosnia-

Herzegovina retained an interest in harming him or torturing him upon his return.

Lenjinac argues that the fact that he is likely to be imprisoned or detained upon his return combined with evidence that torture is commonplace in Bosnian prisons satisfies his burden of proof. But it does not. As the BIA explained in its opinion, although Lenjinac points to reports of life-threatening prison conditions and incidents of torture in Bosnian prisons, none of the record evidence establishes that it is more likely than not that Lenjinac will be tortured or abused. Under the high burden for obtaining CAT protection, reports that torture occurs in a foreign country and its prisons are insufficient bases for relief without evidence that the *petitioner* will be tortured if he returns. *See, e.g., Rashiah*, 388 F.3d at 1133 (upholding BIA's denial of CAT relief where record contained evidence of torture in alien's home country, but no evidence that applicant himself would be targeted). *See also Selimi v. Ashcroft*, 360 F.3d 736, 740–41 (7th Cir. 2004) (holding evidence of "political turmoil, civil strife, and many human rights abuses" without evidence that applicant was personally targeted was an insufficient basis for granting asylum, which requires a lower burden of proof than CAT protection). Neither Lenjinac's familial losses during the Bosnian civil war, his heritage, nor his lack of home to return to, establish that he would be more vulnerable to mistreatment than the general prison population. Additionally, there is no evidence in the record that Bosnian prison conditions are intended to inflict pain or suffering on prisoners. *See Abdoulaye*, 721 F.3d at 491–92 (holding evidence of harsh prison conditions without evidence that those conditions are intended to inflict pain or suffering on

prisoners is insufficient to carry burden of proof to establish likelihood of torture for CAT deferral). Thus, although Lenjinac expresses fear of torture upon his return to Bosnia-Herzegovina, the record fails to establish that such torture is more likely than not and thus does not compel a result contrary to the BIA's conclusion.

For the reasons detailed above, Lenjinac's petition is DENIED and the BIA's decision is AFFIRMED.