NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 6, 2015[*]
Decided November 6, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1959

| | |
|---|---|
| JONATHAN ALEXI CASTILLO-IBARRA, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A098-354-989 |
| LORETTA E. LYNCH, Attorney General of the United States, *Respondent*. | |

**O R D E R**

Jonathan Castillo-Ibarra, a 24-year-old citizen of El Salvador, applied for withholding of removal and protection under the Convention Against Torture based on his status as a former member of MS-13, a notorious street gang formed by Salvadorans living in California. An immigration judge concluded that Castillo-Ibarra's conviction for dealing cocaine made him ineligible for withholding of removal. Additionally, the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the petition for review is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

IJ denied CAT relief after concluding that Castillo-Ibarra had failed to establish a probability that he would face torture instigated or condoned by the government of El Salvador. The Board of Immigration Appeals upheld the IJ's decision, and Castillo-Ibarra has petitioned for review. We deny the petition.

Castillo-Ibarra was 12 when he first entered the United States with a relative in 2003. He was placed in proceedings and, in 2005, allowed to depart voluntarily. But he did not leave, and thus the order granting voluntary departure became a final order of removal. *See* 8 C.F.R. § 1240.26(d). For the next five years, Castillo-Ibarra was involved with MS-13. After several arrests he was removed to El Salvador in March 2011, but he returned after just two weeks. He was removed again in August 2011 after being caught in Indiana with 21 grams of cocaine; two months later he was back in the United States. A new arrest in Indiana for possession of marijuana led to resumption of the cocaine prosecution, and in December 2012 he was sentenced to 20 years' imprisonment (with 16 years suspended) after pleading guilty to dealing cocaine, IND. CODE § 35-48-4-1.

While Castillo-Ibarra was in prison, the Department of Homeland Security notified him that the 2005 order of removal would be reinstated. *See* 8 U.S.C. § 1231(a)(5). He responded that he feared returning to El Salvador because of his affiliation with MS-13, and during a credible fear interview, *see* 8 C.F.R. § 241.8(e), he told the asylum officer that he had quit the gang and would be killed in retaliation by members in El Salvador. Tattoos on a hand and his chest link him to MS-13, he said, and the police in El Salvador probably would not protect him from that gang or its rivals. During his brief stays in El Salvador during 2011, Castillo-Ibarra added, he had lived with an aunt who was threated and beaten because of his presence. He explained that calls were received at her house threatening his life if he did not pay and he was afraid to leave her house. The asylum officer concluded that Castillo-Ibarra did not have a reasonable fear of persecution or torture because no one had tried to harm him in El Salvador, and neither could he attribute gang reprisals to the government.

Castillo-Ibarra requested that an IJ review the asylum officer's assessment. *See* 8 C.F.R. § 1208.31(g)(2). The IJ found, after considering the evidence including Castillo-Ibarra's testimony, that the petitioner has a conviction for a "particularly serious crime" and, consequently, is statutorily ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); *Issaq v. Holder*, 617 F.3d 962, 965 (7th Cir. 2010). Castillo-Ibarra's conviction for dealing cocaine, the IJ reasoned, is an aggravated felony involving drug trafficking and, thus, is presumptively a "particularly serious crime." And, the IJ continued, Castillo-Ibarra had not rebutted this presumption. The IJ also

denied deferral of removal under the Convention Against Torture on the ground that Castillo-Ibarra had not shown a probability of being tortured by, or with the acquiescence of, the El Salvadoran government. The Board of Immigration Appeals agreed with the IJ's reasoning.

In this court Castillo-Ibarra does not dispute that dealing cocaine in violation of Indiana Code § 35-48-4-1 is an aggravated felony, nor could he. *See* 8 U.S.C. § 1101(a)(43)(B); *Catwell v. Attorney Gen. of U.S.*, 623 F.3d 199, 208 (3d Cir. 2010); *Berhe v. Gonzales*, 464 F.3d 74, 84–85 (1st Cir. 2006). Likewise, Castillo-Ibarra does not dispute that this Indiana offense, because it is an aggravated felony, is also presumed to be a "particularly serious crime." (In fact, although not mentioned by the IJ or the Board, an aggravated felony resulting in a prison sentence of five years or more—i.e., the term of imprisonment imposed regardless of any suspension, *see* 8 U.S.C. § 1101(a)(48)(B)—is conclusively a "particularly serious crime." *See* 8 U.S.C. § 1231(b)(3)(B); *Issaq*, 617 F.3d at 968). Instead, what Castillo-Ibarra argues here is that the Indiana conviction resulted from deficient performance by his appointed lawyer, and that the IJ wrongly assumed that the crime was related to his gang involvement. Castillo-Ibarra did not present the latter contention to the Board, and since the government has responded by objecting to this failure to exhaust administrative remedies, we will not consider it. *See* 8 U.S.C. § 1252(d)(1); *Sarmiento v. Holder*, 680 F.3d 799, 803–04 (7th Cir. 2012); *Issaq*, 617 F.3d at 968; *Ghani v. Holder*, 557 F.3d 836, 839 (7th Cir. 2009). And counsel's performance is not relevant, because immigration proceedings are not the appropriate venue for collateral attacks on prior convictions. *See Moral–Salazar v. Holder*, 708 F.3d 957, 962–63 (7th Cir. 2013); *Ghani*, 557 F.3d at 839.

Castillo-Ibarra also challenges the denial of his petition for deferral of removal under the CAT. We have jurisdiction to review this decision, *see Lenjinac v. Holder*, 780 F.3d 852, 855 (7th Cir. 2015); *Wanjiru v. Holder*, 705 F.3d 258, 263–65 (7th Cir. 2013), and conclude that the IJ's determination is supported by substantial evidence, *see Wanjiru*, 705 F.3d at 265.

To qualify for relief under the CAT, Castillo-Ibarra had to show that, if removed to El Salvador, he more likely than not would experience severe pain or suffering inflicted by, or with the acquiescence of, a public official or other person acting in an official capacity. 8 C.F.R. §§ 208.16(c), 208.18(a)(1). Castillo-Ibarra's arguments about membership in a social group and country-wide persecution are not relevant to the reasoning of the IJ or the Board in denying relief under the CAT. The IJ concluded, and the Board agreed, that Castillo-Ibarra had failed to show that any public official seeks to

torture him or would acquiesce to harm at the hands of MS-13 or another gang. *See Bitsin v. Holder*, 719 F.3d 619, 631 (7th Cir. 2013); *Jan v. Holder*, 576 F.3d 455, 458 (7th Cir. 2009); *Pavlyk v. Gonzales*, 469 F.3d 1082, 1090 (7th Cir. 2006). Castillo-Ibarra's assertion that the police probably would not come to his aid because of his perceived gang membership is refuted by his own testimony that police investigated the attack on his aunt, which Castillo-Ibarra had attributed to his presence at her home.

Finally, Castillo-Ibarra attempts to introduce new evidence on appeal, but we cannot consider evidence that is not part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A); *Cruz-Moyaho v. Holder*, 703 F.3d 991, 998 (7th Cir. 2012); *Escoto-Castillo v. Napolitano*, 658 F.3d 864, 866 (8th Cir. 2011).

Accordingly, we DENY Castillo-Ibarra's petition for review.