NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 15, 2018
Decided November 27, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2062

| | |
|---|---|
| ABDULKARIM ALI AHMED AL HABABI, *Petitioner,* | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A078-669-992 |
| MATTHEW G. WHITAKER, Acting Attorney General of the United States, *Respondent.* | |

**O R D E R**

Abdulkarim Ali Ahmed Al Hababi, a 55-year-old Yemeni citizen, seeks review of the denial of his untimely motion to reopen removal proceedings based on changed country conditions: namely, the ascendency of ISIS, which killed his son in 2016. The Board of Immigration Appeals denied Al Hababi's motion because his evidence— various documents related to his son's death and the 2016 State Department Country Report on Yemen—did not show that he was prima facie eligible for asylum, withholding of removal, or protection under the Convention Against Torture. We deny the petition for review.

## Background

Al Hababi entered the United States on a six-month visitor's visa in 1999 and overstayed. The Department of Homeland Security commenced removal proceedings in 2001. At that time, Al Hababi—expressing a fear of persecution if returned to Yemen on account of "tribal differences"—applied for asylum, withholding of removal, and protection under the Convention Against Torture. He explained that he was the sheikh of the Hababi tribe, which was involved in a violent land dispute with a rival tribe whose ruling sheikh recently had been killed, and he feared retaliation if he returned to Yemen.

An Immigration Judge denied his applications, explaining that Al Hababi's fear was based on a tribal feud rather than persecution on account of his political view or membership in a social group, and that he had not shown "more likely than not" that he would be tortured if removed to Yemen. The judge granted Al Hababi voluntary departure. The Board of Immigration Appeals affirmed the decision, without opinion, in 2003.

Al Hababi then filed a motion to reconsider the Board's decision and argued that the Board erred in concluding that he feared persecution "sole[ly] based upon a personal matter." The Board denied his motion.

Al Hababi never left the country, and fifteen years later, in early 2018, he filed a pro se motion to reopen removal proceedings, this time on grounds that he feared persecution from ISIS. Al Hababi asserted that he feared ISIS would harm him because of his familial relationship with his son, Abdul Rahman Ali Al Hababi, who had been "studying at an American school for language" and whom ISIS suspected of working with the United States Central Intelligence Agency. Al Hababi added that ISIS has promoted violence against persons like himself who do not share its religious beliefs. Al Hababi asserted that, in 2016, ISIS looted his family's home, kidnapped his daughter-in-law, and killed Abdul. To corroborate this, Al Hababi attached a letter from another son, Mukhtar Abdulkarim Ali Al-Hababi, indicating that "criminal and outlaw militias that do not respect religious or humanitarian norms" attacked the home. Al Hababi attached Abdul's birth certificate, school record, medical report, and death certificate, as well as a copy of the 2016 State Department Country Report on Yemen. The report explained that a significant increase in killings by nonstate actors, including groups claiming affiliation with ISIS (referred to in the report as "Da'esh"), occurred in 2016.

ISIS attacked mosques and targeted and killed members of security forces, judicial authorities, and civilians.

The Board denied the motion to reopen. It explained that the request came long after the expiration of the 90-day filing deadline and that Al Hababi had not introduced sufficient evidence of changed country conditions to show that he was prima facie eligible for relief. *See* 8 C.F.R. § 1003.2(c)(2)–(3). Al Hababi's evidence, the Board stated, was conclusory and demonstrated only a "generalized violence or danger," which is insufficient to support a claim for asylum, withholding of removal, or protection under the Convention Against Torture. Regarding the letter from Al Hababi's son, the Board questioned its provenance (given that it was an English translation and bore no indicia that it actually was sent from Yemen), and went on to say that it was "generalized and conclusory" in that it did not mention ISIS or the attackers' motivation. Nor did the medical report or death certificate explain the circumstances of Al Hababi's son's death, except to say that he was killed by a gunshot to the head. As for the State Department Country Report, the Board acknowledged that it detailed violent attacks by ISIS against civilians, but the generalized violence and danger it described did not suggest in any way that Al Hababi would be singled out for persecution.

## Analysis

We begin by briefly discussing the appropriate legal framework. Although reopening is generally available for orders to voluntarily depart, *see* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c), these motions are subject to a ninety-day deadline. That deadline does not apply, however, when the motion to reopen is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The alien must also establish that he is prima facie eligible for the relief he seeks. *See Yahya v. Sessions,* 889 F.3d 392, 395 (7th Cir. 2018).

Al Hababi challenges the Board's conclusion that he failed to establish a prima facie case for relief. He contends that he did so by presenting evidence that he is a member of a social group—"family members of Abdul Rahman Ali Al Hababi"—subject to persecution by ISIS. He also maintains that the judge should not have faulted him for lacking firsthand knowledge about the circumstances of his son's death, given that he was living in the United States at the time.

Al Hababi cannot satisfy the highly deferential abuse of discretion standard he faces in challenging the Board's decision not to reopen his case. *See Capric v. Ashcroft*, 355 F.3d 1075, 1085–86 (7th Cir. 2004); *Pelinkovic v. Ashcroft*, 366 F.3d 532, 537–38 (7th Cir. 2004). Motions to reopen are "strongly disfavored." *Selimi v. Ashcroft*, 360 F.3d 736, 739 (7th Cir. 2005). And it was not an abuse of discretion for the Board to dismiss as unreliable Al Hababi's assertion that ISIS killed his son due to perceived American ties, given the questions surrounding the authenticity of the letter from Al Hababi's other son and the conclusory description of the family's circumstances, not to mention the omission of any specific reference to ISIS. The Board appropriately pointed out that, even if it afforded the letter full weight, Al Hababi had not "meaningfully" shown how his son's perceived ties to the CIA would result in a future threat to himself. Al Hababi needed to "present specific facts" demonstrating his eligibility for relief, and the Board here adequately explained why the evidence Al Hababi presented was insufficient to meet this burden. *See Petrovic v. I.N.S.*, 198 F.3d 1034, 1037 (7th Cir. 2000).

Alternatively, Al Hababi contends that he will be persecuted because of his religious beliefs. The Board, however, noted that the State Department Country Report—the only related record evidence—did not support the contention that Al Hababi would be singled out for persecution on account of a protected ground. The country report recounted generalized violence or danger within Yemen—attacks by ISIS on mosques, security forces, and civilians—but "danger flow[ing] from an ongoing violent struggle affecting the population in a relatively undifferentiated way" is insufficient to establish eligibility for asylum. *Ahmed v. Ashcroft*, 348 F.3d 611, 619 (7th Cir. 2003); *see also Velasquez-Banegas v. Lynch*, 846 F.3d 258, 261 (7th Cir. 2017). Because Al Hababi has not differentiated his situation from that of any other Yemeni citizen who faces threat of harm by ISIS, the Board did not abuse its discretion in denying the motion to reopen.

Because Al Hababi cannot meet the burden of proof required to establish eligibility for asylum, there is no need to address his arguments related to the more stringent test for withholding of removal. *See Ahmed*, 348 F.3d at 619. Nor has he introduced evidence to show that he more likely than not will face torture if removed. *See Lenjinac v. Holder*, 780 F.3d 852, 856 (7th Cir. 2015). We thus deny the petition for review.

DENIED