NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 8, 2014*
Decided July 28, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1105

| | |
|---|---|
| YUAN TIAN, | Petition for Review of an Order of the |
| *Petitioner,* | Board of Immigration Appeals. |
| *v.* | No. A089-665-606 |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent.* | |

**O R D E R**

Yuan Tian, a citizen of China who fears harm from her father for coming out as a lesbian, challenges the denial of her motion for reconsideration with respect to her applications for asylum and protection under the Convention Against Torture (CAT). We dismiss the petition for review in part and deny the petition in part.

At her immigration hearing, Tian testified that she feared harm from her father, who, she said, threatened her in a letter upon learning two years after her departure to the United States that she was a lesbian. She described her hometown of Changchun (the capital of Jilin province

---

* We granted the petitioner's unopposed motion to waive oral argument. Thus the petition is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

in northeastern China) as a traditional area where being gay is considered shameful and treated as a mental illness; coming of age in that environment, she explains, led her to hide her sexual orientation from her family. Tian said that her father forced her into an arranged marriage in 2004 and that she left for the United States one year later to escape her husband. She lived openly as a lesbian in the United States and had one serious relationship that had ended by the time of her hearing. When her husband contacted her in 2007, she told him that she was gay. Several months later, Tian testified, she received an angry letter from her father, calling her "crazy" and "sick" for being a lesbian. She interpreted his statement that, "You must have your husband back with you. Otherwise whenever I see you, I want to kill you or I will kill myself," as a death threat. She said that if she returned to China the police would not protect her and would even help her father find her.

The immigration judge denied Tian's requests for relief. The IJ rejected the asylum application as untimely, stating that "[t]he Court cannot authenticate the letter and does not find that this constitutes changed circumstances" that would excuse Tian from filing within the one-year deadline. *See* 8 C.F.R. § 1208.4(a)(4)(i)(B). With respect to withholding of removal, the IJ found her testimony unpersuasive and concluded that she failed to provide corroboration to show that she is a lesbian, such as a letter from her former girlfriend or photographs of their relationship. The IJ likewise denied her CAT claim based on a lack of evidence to show that she would be harmed in China. The BIA upheld the denial and supplemented the IJ's order with the observation that Tian could not explain how her father obtained her address (she denied ever giving it to him) and had testified inconsistently about whether other documents were included with the letter. The BIA also concluded that she had not shown that she would be tortured by or at the acquiescence of Chinese officials. *See* 8 C.F.R. § 1208.18(a)(1). Tian did not petition for review of that decision.

A month later Tian moved the BIA to reconsider, arguing that it had failed to consider the totality of the circumstances in upholding the IJ's denial. In particular, she asserted that she had testified consistently when she denied knowing how her father obtained her address or not recalling if her father's letter had included other documents. She also argued that her testimony alone should have been sufficient to establish her sexual orientation. Regarding her CAT claim, she maintained that her testimony that police would help her father find her showed that she would be tortured with the acquiescence of public officials. Tian did not make any arguments about withholding of removal in her motion to reconsider.

The BIA denied the motion to reconsider for essentially the same reasons given in its earlier denial. First, it concluded that Tian had not demonstrated the "reliability and authenticity" of her father's letter and thus could not show changed circumstances excusing her untimely application. Second, concerning the CAT claim, the BIA reaffirmed its earlier conclusion that Tian failed to show that she would be tortured with the acquiescence of public officials.

In her petition for review, Tian continues to press the merits of her underlying applications. But the government correctly notes that our jurisdiction is limited to reviewing the denial of Tian's motion to reconsider because it is the only decision she appealed in a timely manner. *See Muratoski v. Holder*, 622 F.3d 824, 829–30 (7th Cir. 2010); *Asere v. Gonzales*, 439 F.3d 378, 380–81 (7th Cir. 2006). We review the denial of a motion to reconsider for abuse of discretion. *See Cruz-Mayaho v. Holder*, 698 F.3d 574, 577 (7th Cir. 2012); *Muratoski*, 622 F.3d at 830.

To the extent that Tian challenges the denial of her motion to reconsider, we understand her to argue that the BIA did not consider the totality of the circumstances in finding her father's letter unreliable. *See Kiorkis v. Holder*, 634 F.3d 924, 930 n.2 (7th Cir. 2011) (argument that BIA "applied the incorrect legal standard" is a question of law). But she does not identify any overlooked evidence; she instead focuses on testimony considered by the BIA (whether she received documents with the letter and how her father obtained her address). The BIA applied the correct legal standard by relying on inconsistencies and a lack of corroboration to conclude that Tian had not shown changed circumstances. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Krishnapillai v. Holder*, 563 F.3d 606, 619 (7th Cir. 2009); *Mitondo v. Mukasey*, 523 F.3d 784, 787–89 (7th Cir. 2008).

Concerning her CAT claim, Tian appears to contend, again, that the BIA failed to consider the totality of her evidence showing that her life would be threatened in China. In particular, she points to her testimony that the police would fail to protect her from her father as sufficient to show that she would be tortured with the acquiescence of public officials. But the BIA concluded that Tian had not shown a genuine threat from her father when it rejected the reliability and authenticity of the letter, so it provided a rational explanation for determining that Tian had not shown she would be tortured in China. *See Victor v. Holder*, 616 F.3d 705, 708–09 (7th Cir. 2010); *Mungongo v. Gonzales*, 479 F.3d 531, 534–35 (7th Cir. 2007).

We lack jurisdiction to review Tian's argument about withholding of removal, so that claim is DISMISSED. The remainder of her petition for review is DENIED.