**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 17, 2014[*]
Decided January 22, 2015

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2565

| | |
|---|---|
| JOSE ARRIAGA-HERNANDEZ, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A200-838-740 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Jose Arriaga-Hernandez, a 35-year-old Mexican citizen, petitions for review of the denial of his motion to reconsider the denial of his application for cancellation of removal. We deny the petition.

Arriaga-Hernandez applied for relief based on his family ties and length of residence in the United States. He had entered the United States without inspection in 1997 and married a U.S. citizen in 2001, and together they had three children. His wife's petition

---

[*] We granted the petitioner's unopposed motion to waive oral argument. Thus, the appeal is submitted on the briefs and record. See Fed. R. App. P. 34(f).

for his immigrant-spouse visa was approved in 2005, but at that time Arriaga-Hernandez did not want to leave his family and return to Mexico to retrieve his visa. In 2010, after he was arrested for driving under the influence, the Department of Homeland Security charged him with removability as an alien present in the United States without being admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). Arriaga-Hernandez, acting pro se, conceded removability before an immigration judge and applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

At his removal hearing, Arriaga-Hernandez testified about his life in the United States and the hardships his family would face if he were removed to Mexico. According to Arriaga-Hernandez, he has been the sole financial supporter of his wife and children, and if he left the country they would probably relocate to live with his wife's family in Joliet, Illinois, amidst gang activity. Arriaga-Hernandez also testified about his arrest record, admitting that he had been arrested for a minor traffic offense almost every year from 1997 to 2011 and once for domestic battery in 2002.

The immigration judge deemed Arriaga-Hernandez ineligible for cancellation of removal. The judge found that Arriaga-Hernandez likely met the requirement of being physically present in the United States for a continuous period of ten years, but he could not show ten years of good moral character, as required under 8 U.S.C. § 1229b(b)(1)(A) and (B). The judge determined that Arriaga-Hernandez was statutorily barred from showing good moral character because he had been imprisoned for six months for his DUI conviction. See *id.*, § 1101(f)(7) (finding of good moral character is barred if alien was confined for 180 days or more during the ten-year period). In any event, the judge continued, Arriaga-Hernandez was unable to demonstrate good moral character because his numerous traffic offenses revealed a "complete disregard for the laws of the United States." Nor did Arriaga-Hernandez establish, the judge added, that the potential economic hardship to his wife and children—who would remain in the United States upon his removal—qualified as "exceptional and extremely unusual hardship." See *id.*, § 1229b(b)(1)(D). Finally, the judge observed that Arriaga-Hernandez's approved visa petition provided him an alternative means to acquire lawful status in the United States. The Board of Immigration Appeals upheld the judge's ruling.

Arriaga-Hernandez then filed a motion to reconsider in which he argued that his six-month incarceration did not bar a finding of good moral character and that he had shown exceptional and extremely unusual hardship by testifying about the anticipated economic difficulties and gang violence that his family would face if he were removed.

The BIA denied the motion, finding no error of fact or law in its previous decision. See 8 C.F.R. § 1003.2(b)(1).

In his petition for review, Arriaga-Hernandez challenges only the judge's earlier conclusion that his six-month incarceration barred a finding of good moral character. But our review is limited to the denial of Arriaga-Hernandez's motion to reconsider because he did not file a timely petition for review of the underlying denial of his application for cancellation of removal, see *El-Gazawy v. Holder*, 690 F.3d 852, 857 (7th Cir. 2012); *Muratoski v. Holder*, 622 F.3d 824, 829–30 (7th Cir. 2010), and he does not challenge the denial of that motion. Even if we could review the immigration judge's denial of cancellation, Arriaga-Hernandez fails to contest the judge's alternative and independent grounds for denying relief: the significance of his frequent traffic offenses for the moral-character inquiry and his failure to show exceptional and extremely unusual hardship to his family upon his removal. See 8 U.S.C. § 1229b(b)(1); *Marin-Garcia v. Holder*, 647 F.3d 666, 669 (7th Cir. 2011). Even if we found an error regarding his incarceration, those other, unchallenged findings would bar relief.

Accordingly, we DENY the petition for review.