In the

# United States Court of Appeals

### For the Seventh Circuit

No. 14-3104

SHAOHUA HE,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General of the
United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A089 697 156

ARGUED JANUARY 27, 2015 — DECIDED MARCH 27, 2015

Before POSNER, SYKES, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Shaohua He, a citizen of China,
petitions for review from the denial of his motion to recon-
sider the denial of his application for asylum and withhold-
ing of removal based on his fear of future persecution be-
cause he is a practicing Christian. His petition, however, fo-
cuses on only the underlying denial of his application for
asylum and withholding—a ruling that is not properly be-

fore us. Because He has not even tried to show that the denial of his motion to reconsider was erroneous, we deny his petition for review.

He testified that he entered the United States in 2007 in circuitous fashion through Indonesia and Canada before arriving in New York. He came to Chicago a year later, he said, to retain an attorney to apply for asylum based on mistreatment (arrest and beatings, though the details are unclear) that he had suffered in Fujian Province on account of his Christian beliefs. A month after he filed his application, the Department of Homeland Security charged him with removability as an alien present in the United States without being admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i).

At his removal hearing, He testified about the mistreatment he experienced because of his membership in a Christian house-church movement known as the Shouters, which the Chinese government has branded an "evil cult."[1] In June

---

[1] The Shouters are an evangelical Christian sect who worship in small groups, do not have official clergy, and use a "non-standard edition of the Bible." See Australian Refugee Tribunal, *RRT Research Response: China* 1 (October 2005), *available at* http://www.refworld.org/pdfid/4b6fe13c0.pdf; Human Rights Watch, *China: Persecution of a Protestant Sect* 2 (June 1994), *available at* http://www.hrw.org/reports/pdfs/c/china/china946.pdf. By 1983, the sect had some 200,000 followers across China. See Jae Ho Chung, et al., *Mounting Challenges To Governance In China: Surveying Collective Protestors, Religious Sects and Criminal Organizations*, THE CHINA JOURNAL, 1, 12 (2006). By 1996, the sect had expanded in Fujian, He's native province, to 420 sites and 50,000 followers. See *id.* at 12. The Shouter sect is now labeled an illegal "evil cult" by the Chinese government. See U.S. Department of State, Bureau of Democracy, Human Rights and Labor, *International Religious Freedom Report for 2013: China* 4 (2013).

2006 he was arrested while trying to recruit new members with fellow Shouters. He was held at a detention center for two weeks, during which he says he was beaten four times. He says he was bailed out with the help of a fellow church-goer and later sought medical attention for injuries to his face. After his release he was required to report to the police every two weeks. Aided by "snakeheads," he departed China in 2006, leaving behind a wife and three children. About a year after arriving, he applied for asylum, withholding of removal, and relief under the Convention Against Torture.

The immigration judge denied He all relief. The judge found that He's testimony was not credible and that he failed (in this case under the REAL ID Act) to provide corroborating evidence to support his claim. The judge found He's testimony incredible because it was "extremely vague," "internally inconsistent" with respect to several details (including the date when he became a Shouter and the number of police officers who entered the house church to arrest him), and incomplete regarding basic aspects of his claim. The judge found He statutorily ineligible for asylum because he did not file his application within one year of his arrival in the United States. (The judge refused to credit He's account of when he arrived because of his "materially inconsistent statements regarding his time, place, and manner of entry.") The judge also found He ineligible for withholding or CAT protection because he failed to show it is more likely than not that his life would be threatened or that he would be tortured in China. The Board of Immigration Appeals upheld the immigration judge's ruling.

He then hired his current attorney, Scott Yu, who filed a motion to reconsider with the Board, arguing that the Board

had erred in upholding the judge's findings regarding He's lack of credibility and corroboration. The Board denied the motion on August 26, 2014. He then filed this petition for review, but he had not filed a timely petition for review of the underlying denial of relief.

In his brief in support of this petition for review of the denial of his motion to reconsider, He targets the underlying denial of his application, arguing that he should be granted asylum, withholding of removal, and protection under the CAT because he met his burden to qualify for each form of relief. He also contests the agency's rulings that he was not credible and did not provide sufficient corroborating evidence. The petition and brief do not contest the Board's denial of his motion to reconsider.

He's target is wrong because we have jurisdiction to review only the denial of his motion to reconsider. See 8 U.S.C. § 1252(b)(1). "[T]he case law could not be clearer on this issue; a motion to reconsider does not toll the initial 30-day filing deadline for seeking judicial review of the underlying removal order. The finality of a removal order 'is not affected by the subsequent filing of a motion to reconsider.'" *Asere v. Gonzales*, 439 F.3d 378, 380 (7th Cir. 2006), quoting *Stone v. INS*, 514 U.S. 386, 405 (1995). He's September 24, 2014 petition for review was untimely with regard to the Board's underlying order denying relief dated May 27, 2014, thus depriving us of jurisdiction to review that order. Because He did not challenge the denial of his motion to reconsider, he has waived any arguments he might have made to challenge the only decision over which we have jurisdiction. See *Tian v. Holder*, 745 F.3d 822, 827 (7th Cir. 2014); *Asere*, 439 F.3d at 380–81.

This case highlights the consequences of misusing a motion to reconsider before the Board. Such motions "are not replays of the main event," *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014) (internal quotation marks and citation omitted), and should not be used to argue what was or could have been raised on an initial appeal. See *Raghunathan v. Holder*, 604 F.3d 371, 378 (7th Cir. 2010); *Ahmed v. Ashcroft*, 388 F.3d 247, 249, 251 (7th Cir. 2004); *Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006); *Strato v. Ashcroft*, 388 F.3d 651, 655 (8th Cir. 2004). The Board will deny a motion to reconsider that has not "identified specific factual or legal errors in [its] prior ruling." See 8 C.F.R. § 1003.2(b)(1); *In re O–S–G*, 24 I & N Dec. 56, 58 (BIA 2006). Rather than revisit matters that were already covered (or should have been covered) in a prior appeal to the Board, the better course for a petitioner is to file a petition for review in this court:

> [I]t makes no sense for the party to forgo an appeal and instead file a motion for reconsideration, especially since review of the denial of a motion for reconsideration is highly deferential. … Since an appellate court is more likely to correct an error than the tribunal that made the error is (human nature being what it is), it does not make any sense to forgo an appeal in favor of a motion for reconsideration in a pure rehash case such as this.

*Ahmed*, 388 F.3d at 250–51 (internal citations and quotation marks omitted).

Before concluding, we must note that this is not the first time He's attorney, Scott Yu, has taken this misguided approach. Twice before, Yu has (1) challenged the Board's rejec-

tions of an asylum application by filing with the Board a frivolous motion to reconsider (frivolous because it failed to identify an error of fact or law in the underlying decision), and then (2) petitioned us for review, focusing not on the denial of the motion to reconsider but instead on the denial of the underlying merits—a decision that, for timeliness reasons, we no longer have jurisdiction to review. See *Tian v. Holder*, 564 F. App'x 242, 243–44 (7th Cir. 2014); *Arriaga-Hernandez v. Holder*, 589 F. App'x 796, 797 (7th Cir. 2015).[2]

Proceeding in this sequence typically forfeits any claim a petitioner may have in challenging the underlying denial of relief. Yu's advocacy has not served his clients. In light of his repeatedly mistaken performance in recent cases at the expense of his clients, we direct the clerk of this court to send a copy of this opinion to the Illinois Attorney Registration and Disciplinary Commission of Illinois for any action it deems appropriate. If this problem recurs with Mr. Yu, this court may take action to impose appropriate sanctions directly for frivolous appeals.

We DENY the petition for review.

---

[2] In a third recent case, *Zhou v. Holder*, 587 F. App'x 330, 332 (7th Cir. 2014), attorney Yu focused much of the petition on arguing the merits of an untimely asylum application, a challenge over which we also did not have jurisdiction.