NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 8, 2015
Decided August 11, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3661

| | |
|---|---|
| JOSE ADRIAN DOMINGUEZ, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A206-014-053 |
| | |
| LORETTA E. LYNCH, | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Jose Dominguez, a 22-year-old Mexican citizen, challenges the denial of his motion to reconsider the rejection of his application for relief under the Convention Against Torture ("CAT") based on his fear of harm from a violent drug cartel in Mexico. The motion did not identify any legal or factual errors in the underlying decision of the Board of Immigration Appeals. Because the Board did not abuse its discretion in denying the motion, we deny Dominguez's petition for review.

Dominguez was born in Zacatecas, Mexico, and was smuggled into the United States as an infant. He has lived here ever since, along with his parents, siblings, and other relatives. Dominguez grew up in Harvard, Illinois, where he joined the Latin Kings gang and had numerous run-ins with the law. After being expelled from school

in the ninth grade, he worked as a landscaper and a butcher. In March 2013, after being arrested on charges of armed violence, aggravated battery, and mob action, Dominguez was detained in the McHenry County Jail. Five months later he pleaded guilty to armed violence and received a sentence of time served. His incarceration brought him to the attention of the Department of Homeland Security, which initiated removal proceedings, and he conceded removability for entering the United States without inspection, *see* 8 U.S.C. § 1182(a)(6)(A)(i).

Dominguez then applied for CAT relief based on his fear that if returned to Mexico, he would be kidnapped, tortured, or killed by Los Zetas, a powerful nationwide criminal organization composed of brutal drug traffickers, extortionists, and murderers. He testified that his uncle, who is a member of Los Zetas, easily would find him living with other family members in Zacatecas. His uncle and other Los Zetas members, he said, would regard him as a "jackpot" new member for their gang because of his American education and his experience with the Latin Kings. Dominguez added that Los Zetas members are "scattered all throughout Mexico," they torture people who resist joining their ranks, and their gang activity is ignored by the corrupt police.

No one else testified at Dominguez's hearing, nor did he submit any documentary evidence to support his claim. The people who could substantiate his testimony, he explained, could not attend the hearing because they were too busy or lacked legal status and were afraid to come to court. The immigration judge ("IJ") supplemented the record with the 2013 U.S. Department of State Human Rights Report on Mexico, which highlights the pervasive corruption among state officials, as well as widespread violence and kidnappings by criminal organizations.

The IJ credited Dominguez's testimony, finding it straightforward, spontaneous, and consistent with his written application, but found that it failed to establish that he more likely than not would be tortured upon return to Mexico. Dominguez, the IJ explained, had "essentially draw[n] together some suppositions" rather than "establish that each step in the chain of events that would result in torture is more likely than not to occur." The IJ also noted that Dominguez had neither shown government involvement in any purported torture nor submitted any evidence to corroborate his testimony. Accordingly, the IJ denied CAT relief.

Dominguez appealed, but the Board found "no clear error" in the IJ's determination that he had not established eligibility for CAT relief. The Board explained that the "factual scenario" Dominguez had offered was "too speculative" and that he had not shown "the requisite level of government acquiescence" in the alleged torture by Los Zetas.

Rather than petition for review of that decision, four weeks later Dominguez moved the Board to reconsider. He argued that he had adequately supported his application through his credible testimony and that the Board should have recognized the Mexican government's acquiescence to the gang violence he feared. The Board denied his motion, concluding that Dominguez had merely reiterated his arguments for relief and "failed to indicate any error in law or fact" in its previous decision.

Dominguez petitioned for review, but because the petition was filed more than 30 days after the Board's underlying decision, we have jurisdiction to review only the denial of the motion to reconsider. *See Stone v. INS*, 514 U.S. 386, 405–06 (1995); *He v. Holder*, 781 F.3d 880, 882 (7th Cir. 2015). A motion to reconsider must point to specific legal or factual errors in the prior decision and must be supported by pertinent authority. *See Cruz-Moyaho v. Holder*, 703 F.3d 991, 998 (7th Cir. 2012); 8 C.F.R. § 1003.2(b)(1). We review the Board's denial of such a motion for abuse of discretion. *See Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014).

Dominguez argues that the Board failed to provide a rational explanation for rejecting his contentions that the Mexican government would acquiesce to gang violence and that his credible testimony alone established his eligibility for relief. But this argument, cloaked here in a challenge to the denial of reconsideration, is merely another attempt to dispute the Board's conclusion in its underlying order that he did not establish eligibility for relief. *See He*, 781 F.3d at 882; *Victor v. Holder*, 616 F.3d 705, 709 (7th Cir. 2010). Motions to reconsider "are not replays of the main event," *Khan*, 766 F.3d at 696, and rather than use one to reprise his initial appeal to the Board, Dominguez should have petitioned for review of the Board's underlying decision, *He*, 781 F.3d at 882.

Moreover, Dominguez misunderstands the relationship between credible testimony and eligibility for relief. To be granted CAT relief, Dominguez must show that his removal to Mexico more likely than not would lead to torture, either by the government or with its acquiescence. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1); *see also Lenjinac v. Holder*, 780 F.3d 852, 855 (7th Cir. 2015); *Antia-Perea v. Holder*, 768 F.3d 647, 661 (7th Cir. 2014); *In re J-F-F-*, 23 I. & N. Dec. 912, 917–18 & n.4 (A.G. 2006). Even if the Board accepted the IJ's finding that Dominguez testified credibly about his fear of torture by Los Zetas, his subjective fear is not enough to establish that torture is objectively more likely than not to occur, let alone by or with the acquiescence of government actors. *See Lenjinac*, 780 F.3d at 856; *Chilel v. Holder*, 779 F.3d 850, 856 (8th Cir. 2015); *Mulyani v. Holder*, 771 F.3d 190, 200 (4th Cir. 2014); *cf. Lara v. Lynch*, 789 F.3d 800, 804–05 (7th Cir. 2015) (alien who credibly testified about *dispositive* issue could establish eligibility for relief).

Accordingly, we DENY the petition for review.