## NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 10, 2017[*]
Decided February 13, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-3106

| | |
|---|---|
| OLUSEGUN OLATUNJI,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A200-881-528 |
| JEFF SESSIONS,<br>Attorney General of the United States,<br>    *Respondent*. | |

# O R D E R

Olusegun Olatunji, a citizen of Nigeria, petitions for review of the denial of his motion to reconsider and reopen the underlying denial of his request for either cancellation or withholding of removal. Because the Board did not abuse its discretion in denying Olatunji's motion, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. CIV. P. 34(a)(2)(C).

Olatunji testified about the persecution he had faced in Nigeria based on his family ties, religion, and political opinion. Growing up during the Nigerian civil war in the late 1960s, Nigerian soldiers violently harassed and threatened to kill Olatunji and his family because his father had hidden Igbo people (an indigenous ethnic group). Years later, Olatunji, a Christian, survived the bombing of his apartment by a precursor group to Boko Haram (which aimed to convert Christians to Islam through violence), and his next house was burnt down by another militant Muslim group. In addition, Olatunji participated in left-leaning political movements, leading protests against government corruption, and by 1987 he was being tracked down by police. As many other pro-democracy leaders were arrested or killed, Olatunji feared reprisal and fled to the United States.

Olatunji came to the United States on a six-month business visa and overstayed. In late 2012, he was indicted for trafficking in counterfeit goods. *See* 18 U.S.C. § 2320. Five days later the Department of Homeland Security initiated removal proceedings. Nearly a year later, Olatunji was convicted on the criminal charge, and soon thereafter was ordered removed in absentia after he failed to appear at a hearing before an immigration judge. The IJ reopened the case after Olatunji complained that he never received notice of the hearing.

At a hearing before the immigration judge in early 2015, Olatunji conceded removability for overstaying his visa, *see* 8 U.S.C. § 1227(a)(1)(B), but sought cancellation of removal, *id.* § 1229b(b)(1), or alternatively various forms of relief—asylum, withholding of removal, *id.* §§ 1158, 1231(b)(3), and protection under the Convention Against Torture, 8 C.F.R. § 208.16(c)—based on his fears of persecution or torture if he returned to Nigeria.

In late 2015, the IJ found Olatunji credible but ineligible for relief, and ordered him removed. According to the IJ, Olatunji was statutorily ineligible for cancellation of removal because the statute under which he was convicted, trafficking in counterfeit goods, was a crime involving moral turpitude. *See* 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(2)(A)(i). He also had applied too late to be eligible for asylum. *See* 8 U.S.C. § 1158(a)(2)(B), (D). As for withholding of removal, the IJ determined that he had established past persecution on account of his proposed social group ("immediate family members of those who protected Igbo people in Nigeria during the civil war") and his Christian faith, but he had not shown it more likely than not that he would be persecuted on either ground if returned. The government showed, the IJ explained, that circumstances in Nigeria had fundamentally changed since his departure, *see* 8 C.F.R.

§ 208.16(b), and Olatunji could avoid religious persecution by relocating to eastern Nigeria, *see id.* § 208.16(b)(1)(i)(B). Finally, regarding his claim for withholding of removal under CAT, Olatunji did not establish that, if removed, he more likely than not would be tortured. *Id.* § 208.16(c)(2).

Olatunji appealed to the Board of Immigration Appeals and requested an extension of time to file his brief. The Board granted his request but warned that he "should assume that [he] will not be granted any further extensions." One week before his brief was due, Olatunji sought a second extension so that he could obtain certain documents from his ex-wife. Upon receiving no response, Olatunji phoned the Board on the due date and repeated his request. The following day, the Board issued a written denial to the request for an extension, stating that he already had received an extension and had not shown extraordinary circumstances warranting another one.

On May 16, 2016, the Board dismissed Olatunji's appeal. At the outset, the Board pointed out that Olatunji did not file a brief by the extended deadline, and so it limited its review to the issues he raised in his notice of appeal. Olatunji, the Board explained, did "not meaningfully challenge the [IJ's cancellation-of-removal] analysis" that his offense was a crime of moral turpitude, and otherwise did not point to evidence to contradict the IJ's findings that he faced no prospect of being persecuted in Nigeria because there had been a fundamental change in country circumstances and he could relocate internally.

Four days after the Board issued its decision, it received a brief that Olatunji had filed, apparently under the impression that the Board was willing to consider it. The brief was not accompanied by the requisite filing fee, so the Board returned it to Olatunji with a form rejection letter stating that he could resubmit his "motion" within the "original strict time limit."

On May 21, Olatunji wrote to the Board seeking reconsideration of his case and maintaining that the Board should have considered the merits of his brief. On May 30 he again wrote the Board, stating that he was "resubmitting my appeal brief as you directed me to do within 15 days of the issuance of your notice"; he included his brief and attachments. The Board received both letters on June 7 and construed them as a motion to reconsider and reopen.

The Board denied both reconsideration and reopening. Regarding the request for reconsideration, the Board reiterated that Olatunji had filed his brief too late to be

considered. As for reopening, the Board explained that none of his attachments met the requirements of the relevant regulations.

Olatunji petitioned for review, but because the petition was filed more than 30 days after the Board's underlying decision, we have jurisdiction to review only the denial of the motion to reconsider and reopen. *See* 8 U.S.C. § 1252(b)(1); *Stone v. I.N.S.*, 514 U.S. 386, 402–03, 405–06 (1995); *Ahmed v. Ashcroft*, 388 F.3d 247, 248 (7th Cir. 2004). We review the Board's denial of such a motion for abuse of discretion. *See Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014).

Olatunji renews his argument that the Board should have considered his brief when deciding the merits of his case. He argues that he was merely following instructions when he was "ordered" to resubmit his brief, so the Board should have considered its arguments rather than construe it as a motion to reopen and reconsider. Olatunji apparently misapprehends the contents of the form letter he received. That form merely explains that Olatunji had the right to resubmit his filing if he followed the proper procedures. It was not an invitation to resubmit a brief for the underlying proceedings. The Board could have outright rejected his submission as untimely, but instead construed it generously as a motion to reopen and reconsider.

Olatunji's remaining arguments attempt to challenge the Board's rulings in its underlying order that he did not establish eligibility for withholding or cancellation of removal. But we have jurisdiction only to review the denial of the motion to reconsider and reopen. *He v. Holder*, 781 F.3d 880, 882 (7th Cir. 2015).

The petition for review is

DENIED.