In the

# United States Court of Appeals

### For the Seventh Circuit

No. 16-1781

CLAUDIA MELESIO-RODRIGUEZ,

*Petitioner*,

*v.*

JEFFERSON B. SESSIONS III,
Attorney General of the United States,

*Respondent*.

Petition for Review of an Order of the Board of Immigration Appeals.
No. A075-877-715

ARGUED FEBRUARY 15, 2018 — DECIDED MARCH 7, 2018

Before BAUER, FLAUM, and MANION, *Circuit Judges*.

MANION, *Circuit Judge*. An immigration judge ordered Petitioner Claudia Melesio-Rodriguez removed to Mexico because she had committed multiple controlled-substance offenses. Petitioner accepted the removal order as final and waived her right to appeal it. Nevertheless, she almost simultaneously appealed to the Board of Immigration Appeals and filed a motion for reconsideration with the immigration

judge. Petitioner never asked us to review the Board's dismissal of her first appeal. This petition challenges the Board's eventual dismissal of her reconsideration appeal.

Petitioner principally argues that she did not knowingly and intelligently waive her appeal rights in the initial hearing. But because Petitioner is a criminal alien and the waiver question is factual in nature, we lack jurisdiction to answer it under 8 U.S.C. § 1252(a)(2)(C). That leaves us with no choice but to dismiss her petition.

## I. Background

Petitioner was brought to the United States from Mexico as a child. She became a lawful permanent resident on December 7, 1998, when she was 19. However, she was convicted of battery and attempted possession of cocaine in 2003 and of attempted burglary in 2013. As a result, the Department of Homeland Security took Petitioner into custody on June 27, 2014, and served her with a Notice to Appear in removal proceedings. DHS charged not only that Petitioner was removable as an alien convicted of a controlled-substance violation under 8 U.S.C. § 1227(a)(2)(B)(i), but also that she had failed to disclose a cocaine-possession conviction that occurred before she was granted permanent resident status.

Petitioner's case was referred to an immigration judge, who granted several continuances to afford her an opportunity to find counsel. Nevertheless, she appeared before the judge *pro se* by video conference from jail on September 11, 2014. Petitioner admitted her Mexican birth and previous convictions, and so the immigration judge found that she was removable based on the nature of her offenses. The judge also

advised Petitioner that due to her controlled-substance offenses, she was ineligible for adjustment of status or cancellation of removal. However, the judge noted that Petitioner was eligible to apply for protection based on a legitimate fear of persecution or torture in Mexico.

At her next hearing on September 30, Petitioner represented that she was afraid to return to Mexico. But when the immigration judge explained that, to be eligible for protection, Petitioner's fear had to be based on a protected characteristic, Petitioner told the judge she did not wish to apply for protection. Instead, Petitioner expressed interest in applying for a U-visa, a status change for which she was potentially eligible because she had been the victim of domestic violence. The judge informed Petitioner that only United States Citizenship and Immigration Services had jurisdiction over the U-visa process. Since Petitioner had indicated that she didn't want to apply for any kind of relief the judge could grant, the judge indicated that he would be issuing an order of removal and asked if Petitioner understood. She said she understood "really clearly" and confirmed twice that she wished to accept the order as final rather than reserve an appeal. The judge then entered a written removal order reflecting that both parties had waived appeal.

Petitioner then retained counsel and, on October 6, filed a motion to reconsider the immigration judge's ruling and a request for stay of removal. She argued that (1) the immigration judge had not fully apprised her of her rights in the removal proceeding; (2) one of her convictions was not a "conviction" for immigration purposes; (3) she was eligible for a U-visa; (4) she feared torture in Mexico; and (5) the removal proceedings were unfair and violated the Fifth and Eighth Amendments.

After the previous immigration judge retired, a new judge granted a stay of removal, but eventually denied the motion on November 4, 2015. The new judge rejected all Petitioner's arguments, concluding that the proceedings were fair, she was given an opportunity to obtain counsel, knowingly and intelligently waived her appellate rights, and declined to apply for protection from torture. With respect to the U-visa, the judge noted that there was nothing to reconsider as no application had been filed at the time of the original decision and, in any event, immigration courts lack jurisdiction over U-visa applications.

At the same time she was pursuing the motion to reconsider, Petitioner also appealed the initial removal order to the Board of Immigration Appeals. She argued in her appeal that the judge erred by not further continuing her case to allow her to retain counsel and not permitting her to fill out various applications for protection. Petitioner also claimed that the proceedings violated due process and that the judge erred in finding her removable. The Board dismissed the appeal on December 10, 2014, holding that Petitioner had waived her appeal rights by accepting the judge's decision as final. Petitioner did not file a petition for judicial review in this court.

Finally, on March 15, 2016, the Board dismissed Petitioner's appeal of the denial of her motion to reconsider. The Board adopted the immigration judge's decision and found, on *de novo* review, that Petitioner knowingly and intelligently waived her appeal rights in the initial proceeding. Further, the Board said that most of the legal issues Petitioner raised were not properly before it because they could have been raised in the initial proceedings. Petitioner then filed a petition for judicial review.

## II. Analysis

Because Petitioner is a criminal alien, 8 U.S.C. § 1252(a)(2)(C) significantly limits our jurisdiction. We may only review "constitutional claims or questions of law" presented in a criminal alien's petition for review. *Id.* § 1252(a)(2)(D); see also *Sharashidze v. Mukasey*, 542 F.3d 1177, 1178 (7th Cir. 2008). That presents a significant problem for Petitioner. In order to overcome her waiver of appeal rights, she would have to show that it was not knowingly and intelligently made. But that is not a question of law, but rather a fact-intensive inquiry. See *Henderson v. DeTella*, 97 F.3d 942, 946 (7th Cir. 1996) ("Whether a petitioner actually waived his *Miranda* rights, and whether he did so freely, knowingly, and intelligently, are fact-dependent issues … ."). Therefore, we lack the authority to disturb the Board of Immigration Appeals' finding that Petitioner knowingly and intelligently waived her appeal rights.[1]

The fact that Petitioner waived her right to appeal is fatal to our jurisdiction over the entire petition. But even if she hadn't waived her appeal rights, none of her other arguments have been properly presented to this court. Petitioner has petitioned only from the dismissal of her appeal of the denial of her motion for reconsideration. Such a petition "presents only

---

[1] We also cannot consider Petitioner's argument, made for the first time here, that the Board's waiver regulations are *ultra vires*. See *Arobelidze v. Holder*, 653 F.3d 513, 517 (7th Cir. 2011) (the obligation to exhaust administrative remedies "usually forecloses a petitioner from raising an issue in federal court that was not raised before the immigration tribunal."). And even if we could, it would be unavailing. *United States v. Worthen*, 842 F.3d 552, 554 (7th Cir. 2016) ("Generally speaking, appeal waivers are enforceable and preclude appellate review.").

the denial of the motion to reopen," not the initial removal decision. *Ajose v. Gonzales*, 408 F.3d 393, 394–95 (7th Cir. 2005). Motions for reconsideration "'are not replays of the main event' and should not be used to argue what was or could have been raised on an initial appeal." *Shaohua He v. Holder*, 781 F.3d 880, 882 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). Petitioner claims that: (1) she's not removable because her initial cocaine-related conviction isn't a "conviction" for immigration purposes; and (2) her initial hearing wasn't fairly conducted. She could have raised both of these arguments in an initial appeal and a petition to this court. But she neglected to file such a petition, so she "has waived any arguments [s]he might have made to challenge the only decision over which we have jurisdiction." *Id.*

### III. Conclusion

For the foregoing reasons, the petition for review is DISMISSED.