NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 7, 2021[*]
Decided August 2, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-3309

| | |
|---|---|
| MAHMOUD AHMED,<br> *Petitioner*, | On Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A076-772-681 |
| MERRICK B. GARLAND, Attorney General of the United States,<br> *Respondent*. | |

**O R D E R**

Mahmoud Ahmed petitions us to review the Board of Immigration Appeals' denial of his motion to reconsider its decision upholding an Immigration Judge's order of removal. The Board had summarily ruled against Ahmed after he failed to file a brief challenging the removal order. Ahmed (through counsel) then moved the Board to reconsider, explaining that on the day his brief was due he had asked for an extension of time to file. The Board denied the motion to reconsider because Ahmed's counsel had

---

[*] We granted the parties' joint motion to waive oral argument, and the appeal is therefore submitted on the briefs and the record. FED. R. APP. P. 34(a)(2)(C).

provided no compelling reason for an extension and he did not identify any errors in the underlying decision or changes in law that would warrant reconsideration. Because the Board acted within its discretion in denying the motion to reconsider, we deny the petition for review.

Ahmed, a citizen of Egypt, is subject to an order of removal. He entered the United States in 1997 as a visitor and remained longer than his visa authorized; the government initiated removal proceedings in 2000. When Ahmed failed to appear for his hearing, an IJ ordered him removed in absentia in 2001. Nearly a decade later, after his case was reopened (for reasons not relevant to this appeal), Ahmed conceded removability and applied for asylum and related protections. The IJ denied relief and the Board dismissed his appeal in April 2013.

Several months after the Board dismissed his appeal, Ahmed moved to reopen his proceedings, arguing that he feared persecution and torture if removed because of changed conditions in Egypt. The Board reopened the case, but in 2018 the IJ again denied Ahmed's request for relief on the merits and ordered him removed. The IJ found Ahmed ineligible for relief because he did not establish that he had a well-founded fear of future persecution or that he would face a substantial risk of torture if he returned to Egypt. Ahmed did not appeal the IJ's decision. A year later, Ahmed moved the IJ to reissue the decision so that he could appeal to the Board. His counsel persuasively contended that neither he nor Ahmed knew about the IJ's final decision and learned about it only when Ahmed was notified to surrender in August 2019. (Officers from Immigration and Customs Enforcement took Ahmed into custody the following month.) The IJ reissued the decision, and Ahmed (through counsel) filed a notice of appeal to the Board, asserting that the IJ improperly denied his applications.

Despite this chance to appeal to the Board, Ahmed never filed a brief challenging the IJ's decision denying relief from removal. The appeal notice that Ahmed received explained the Board would issue a briefing schedule and warned Ahmed that his appeal could be summarily dismissed if he failed to file a timely brief. He checked a box on the appeal notice indicating that he would file a brief. The Board issued a schedule that gave Ahmed until December 27, 2019, to submit his brief. In the schedule the Board cautioned that extension requests are disfavored, particularly requests filed the day the brief is due; the Board advised that it grants such last-minute requests only in the most compelling circumstances.

On his brief's due date, Ahmed moved to extend the deadline. Ahmed's counsel asserted in the motion that he had been "unable to complete a brief by the initial deadline due to an inordinately busy schedule and obligations to spend time out of the office during the holiday period." Ahmed also moved that day to transfer his case to the docket for non-detainees because he had been released on bond earlier in December. The Board did not respond to the motions; instead, in January, it "affirm[ed], without opinion, the results of the decision below."

Ahmed did not petition this court for review, choosing rather to move the Board to reconsider its adverse decision. He asserted that he would "be severely prejudiced if he is unable to submit a brief in support of his appeal." He did not proffer a proposed brief, and the Board denied the motion. It explained that Ahmed gave no compelling reason for requesting an extension the day that the brief was due; furthermore, even if the request had been timely, Ahmed alleged no factual or legal errors in the IJ's decision or subsequent changes in law that would warrant reconsideration.

On appeal, Ahmed argues that the Board abused its discretion by denying his motion to reconsider. Because Ahmed did not petition this court for review of the Board's decision affirming the IJ's removal order, we have jurisdiction to review only the denial of Ahmed's motion to reconsider. 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405–06 (2005); *He v. Holder*, 781 F.3d 880, 882 (7th Cir. 2015). Counsel argues that the Board abused its discretion because it did not consider that, in counsel's view, he reasonably, albeit erroneously, believed that "there was a temporary respite in the briefing schedule." Ahmed was released from custody several weeks before the brief was due, and counsel thought that Ahmed's release meant that his case would follow a slower briefing schedule for non-detainees. Believing, then, that the brief was "not clearly due," counsel did not "devote the significant time required to prepare" it, because he had "numerous" other "time-consuming tasks" like moving offices.

A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C). It must "'contend[] that the original decision was somehow erroneous' and 'ask[] [the Board] to revisit its decision in light of additional legal arguments, a change of law, or an argument that was overlooked earlier.'" *Hernandez-Alvarez v. Barr*, 982 F.3d 1088, 1093 (7th Cir. 2020) (quoting *Victor v. Holder*, 616 F.3d 705, 709 (7th Cir. 2010)). We review the Board's denial of a motion to reconsider for abuse of discretion, *see* 8 C.F.R. § 1003.2(a), which occurs when the decision "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis" like invidious

discrimination. *Vyloha v. Barr*, 929 F.3d 812, 815 (7th Cir. 2019) (quoting *Singh v. Sessions*, 898 F.3d 720, 724 (7th Cir. 2018)).

The Board permissibly denied Ahmed's motion to reconsider. In his motion he attached no brief, identified no error in law or fact in the IJ's underlying decision, and pointed to no change in law that would warrant relief. These omissions alone justified the Board's decision to refuse to reconsider. *See Mungongo v. Gonzales*, 479 F.3d 531, 535 (7th Cir. 2007) (concluding the Board did not abuse its discretion by denying a motion to reconsider when it "did not present any 'additional legal arguments, a change of law, or an argument that was overlooked'") (quoting *Patel v. Gonzales*, 442 F.3d 1011, 1015 (7th Cir. 2006)). Moreover, the only argument that Ahmed did raise in his motion was wrong on its own terms. He argued that refusing to allow him to file a late brief "severely prejudice[d]" his chance at relief. Ahmed overlooks the fact that, even though he filed no brief—itself a serious delinquency—the Board summarily "affirmed" the IJ's decision, rather than summarily "dismiss" the appeal, which it could have done as a sanction. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E); *Stroe v. INS*, 256 F.3d 498, 499 (7th Cir. 2001); *Awe v. Ashcroft*, 324 F.3d 509, 512 (7th Cir. 2003). Because the Board "affirmed," we could have still reviewed the IJ's underlying decision in a petition from Ahmed for relief from that decision. *See Wang v. Gonzales*, 445 F.3d 993, 997 (7th Cir. 2006). But he failed to petition for review of that decision. Any prejudice, therefore, is of his own making.

Finally, the reason that counsel has belatedly supplied on appeal to this court for seeking more time to file a brief—his belief that non-detainees are subject to a slower briefing schedule—was not one that the Board had to accept, even if he had timely raised it to the Board. The regulations promulgated by the Attorney General permit the Board to set a briefing schedule on an appeal from the decision of an IJ, *see* 8 C.F.R. § 1003.3(c), and the Board generally gives an appellant 21 days to file an initial brief in *both* detained and non-detained cases. *See* BIA Practice Manual, Chapter 4.7(a)(i), (ii) (June 10, 2020). Therefore counsel had no reason for confusion about the briefing schedule. *See Kokar v. Gonzales*, 478 F.3d 803, 813 (7th Cir. 2007) (explaining in the context of dismissing an appeal that "fail[ing] to comply with [briefing] deadlines cannot be characterized as the result of legitimate confusion over the possible consequence and, especially when the alien has the benefit of counsel, does not deprive the alien of the right to be heard.") Beyond this, the Board reasonably warned counsel that it does not favor last-minute requests for extensions, and counsel does not explain why he could not have earlier sought more time based on his "busy" schedule.

Thus, because the Board did not abuse its considerable discretion by denying this motion, we deny the petition for review.